IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM E. SMITH, QUENTIN L. SMITH,<br><br>　　　　Defendants.<br>_____/ | No. C 11-06401 CW (PR) |
| STEVEN WAYNE BONILLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GERALD B. DIETRICH,<br><br>　　　　Defendant.<br>_____/ | No. C 11-06402 CW (PR)<br><br>ORDER OF DISMISSAL; VACATING BRIEFING SCHEDULES; TERMINATING PENDING MOTIONS |

　　　Plaintiff, a state prisoner incarcerated at San Quentin State Prison, filed the two present actions as civil actions in the Marin County Superior Court.

　　　On December 19, 2011, Defendants removed both actions to this Court pursuant to 28 U.S.C. § 1442. Defendants in both cases are Special Agents employed by the Federal Bureau of Investigation (FBI). They are represented by Assistant United States Attorney Abraham A. Simmons, who has acknowledged service on their behalf.

　　　Because these actions were filed by a prisoner, the Court must engage in a preliminary screening of the complaints to determine whether Plaintiff's allegations state cognizable claims for relief. 28 U.S.C. § 1915A(a).

For the reasons discussed below, the Court finds both actions are subject to dismissal.

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

## DISCUSSION

In both of these actions, Plaintiff seeks monetary damages from Defendants for acts they engaged in that allegedly resulted in Plaintiff's false arrest, imprisonment, prosecution and, ultimately, wrongful conviction.

Specifically, Plaintiff alleges the following: In 1987, Gerald B. Diedrich, an FBI agent in Concord, California, came into possession of Plaintiff's telephone records, which had been obtained illegally from the telephone company. Diedrich sent copies of the telephone records to, among others, the FBI office in Reno, Nevada. The FBI used the records to find Brad Keyes, whom Plaintiff alleges was the person who originally stole the records from the telephone company, and Keyes became a crucial witness in the prosecution's case against Plaintiff. In 1988, William E. Smith and Quentin L. Smith, both FBI agents employed in the

FBI's San Jose, California, office, conspired with the United States Attorney's Office to withhold information showing that the FBI found Keyes by using the illegally obtained phone records, and to fabricate a story that the records were obtained when Keyes was subpoenaed for a federal grand jury investigation.  The United States Attorney's Office then disclosed the phone records to the Alameda County District Attorney's Office, which used the records to obtain Plaintiff's conviction.

Based on the above, Plaintiff seeks to hold FBI agents Diedrich, William E. Smith and Quentin L. Smith liable for aiding the United States Attorney's Office in obtaining and providing false evidence against Plaintiff to the Alameda County District Attorney's Office, resulting in Plaintiff's current conviction and incarceration.

Plaintiff's allegations, when liberally construed, assert the violation of Plaintiff's constitutional rights and violations of state tort law.  As Defendants are federal actors, Plaintiff's claims arise under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388, 392-97 (1971), which provides for a private cause of action under the Constitution for allegations of constitutional violations made against federal employees, and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) (FTCA), which provides district courts with exclusive jurisdiction over civil actions for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while

3

acting within the scope of his office or employment. 28 U.S.C. § 1346(b).

Plaintiff's allegations fail to state cognizable claims for relief either under Bivens or the FTCA, however, because the relief he seeks is barred by the holding of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court, addressing a claim for damages brought under 42 U.S.C. § 1983, held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" a § 1983 plaintiff must prove that the conviction or sentence has been invalidated previously. Id. at 486-87. The Ninth Circuit has extended the rationale of Heck to cases brought under Bivens and the FTCA. See Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (Bivens); Erlin v. United States, 364 F.3d 1127, 1133 (9th Cir. 2004) (FTCA).

As noted, Plaintiff here seeks damages for actions taken by Defendants that allegedly resulted in Plaintiff's unlawful arrest, imprisonment, prosecution and conviction. Under Heck, however, no cause of action for damages has yet accrued, and any such claims are barred until Plaintiff's conviction has been invalidated. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (Heck barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951,

4

952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).

As Heck applies to Plaintiff's claims both under Bivens and the FTCA, the present two actions are DISMISSED without prejudice to Plaintiff's reasserting his damages claims should a cause of action accrue.

All briefing schedules previously set in these actions are VACATED and all pending motions are TERMINATED.

The Clerk of the Court shall enter judgment and close the files.

IT IS SO ORDERED.

Dated: 1/30/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE